UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAHILA RAZI, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-2073 |
| § | |
| QATAR AIRWAYS Q.C.S.C.; dba QUATAR § | |
| AIRWAYS Q C S C CORPORATION, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Defendant Qatar Airways Q.C.S.C.'s ("Qatar Airways") Amended Motion to Dismiss (Doc. 13). Plaintiff Rahila Razi has not filed a response, and, pursuant to Local Rule 7.4, such failure to respond is taken as a representation of no opposition. Defendant seeks dismissal of this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Upon review and consideration of the motion and the relevant legal authority, the Court concludes that the motion should be granted and the case dismissed.

**I.    Background**

On June 15, 2010, Plaintiff Rahila Razi ("Razi") departed from Karachi, Pakistan on Qatar Airways flight QR319 to Doha, Qatar, where she then connected with Qatar Airways flight QR077 to Houston, Texas. Pl's Original Compl. ¶ 9 (Doc. 1-1). According to Razi's complaint, during her flight from Doha to Houston, Razi was severely burned after she requested a cup of tea and the flight attendant instructed her to remove a cup from the top of a vertical stack of cups atop the service cart which, unbeknownst to the Razi, was filled with hot water. *Id.* at ¶ 9. The hot water spilled onto Razi causing serious burns. *Id.* On June 11, 2012, Razi filed suit in the 333rd District Court in Harris County, Texas alleging negligence. *Id.* at ¶ 15. Qatar Airways

timely removed the suit to this Court under 28 U.S.C. § 1331, invoking the Court's original jurisdiction to hear all cases or controversies arising under treaties of the United States, including the Montreal Convention of 1999, which governs claims arising from international air carriage. Def.'s Notice of Removal (Doc. 1).  Qatar Airways now moves to dismiss Razi's complaint for lack of subject matter jurisdiction on the grounds that the United States is an improper forum under the terms of the Montreal Convention.  Doc. 13 at 2–4.

## II.      Legal Standard

### A.      Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Halmekangas v. State Farm Fire and Cas. Co.*, 306 F.3d 290, 292 (5th Cir. 2010).  It is fundamental that federal courts must establish subject matter jurisdiction prior to reaching the substantive claims of a lawsuit.  *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012).  If the court lacks either the statutory or constitutional authority to adjudicate a claim, then the claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).  The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception."  *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, (1884).

When considering a jurisdictional challenge, a "court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."  *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).  Thus, a court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). The burden of proof lies with the party asserting jurisdiction. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

### B.     *The Montreal Convention*

The Montreal Convention[1] is the successor to the Warsaw Convention as "the treaty exclusively governing the rights and liabilities of passengers and carriers in international air transportation." *Bassam v. Am. Airlines*, 287 Fed. Appx. 309, 312 (5th Cir. 2008). "The Montreal Convention . . . was the product of a United Nations effort to reform the Warsaw Convention 'so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists.'" *Id.* (citing *Sompo Japan Ins., Inc. v. Bippon Cargo Airlines Co.*, 552 F.3d 776, 780 (7th Cir. 2008)). It applies to "all international carriage of persons, baggage or cargo performed by aircraft for reward." *Id.* (citing Montreal Convention art. 1(1)). International carriage is defined as:

> that which originates in the territory of one of the States Party to the Convention and terminates in that of another, or that which originates and terminates in the territory of one State but includes an agreed stop in the territory of another State…[and] includes all segments of an international journey.

Montreal Convention art. 1(2). The incidence giving rise to Razi's claim took place during a round-trip journey from Karachi, Pakistan with stops in Doha, Qatar and Houston, Texas. *See* E-ticket Information for Mrs. Rahila Razi (Doc. 13, Ex. A). Pakistan, Qatar, and the United States are all State Parties to the Montreal Convention. *See* U.S. Dept. of State, "Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1,

---

[1] *See* Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, *reprinted in* S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000) (hereinafter "Montreal Convention").

2012," Section 2: Multilateral Agreements, at 334–335, *available at* http://www.state.gov/s/l/treaty/tif/index.htm (last visited January 2, 2014).  Therefore, Qatar Airways' liability in this case is governed by the Montreal Convention.

The issue for resolution is whether this Court has subject matter jurisdiction over Razi's claims under the terms of the Montreal Convention.  The jurisdictional provisions of the Montreal Convention are outlined in Article 33 and state:

> (1) An action for damages must be brought, at the option of the plaintiff, in the territory of one of the State Parties, either before the court of the domicile of the carrier or of its principal place of business, or where it has a place of business through which the contract has been made or before the court at the place of destination.
>
> (2) In respect of damage resulting from the death or injury of a passenger, an action may be brought before one of the courts mentioned in paragraph 1 of this Article, or in the territory of a State Party in which at the time of the accident the passenger has his or her principal and permanent residence and to or from which the carrier operates services for the carriage of passengers by air, either on its own aircraft, or on another carrier's aircraft pursuant to a commercial agreement.

Montreal Convention art. 33(1)–(2).  Therefore, under the terms of the Montreal Convention, there are five possible fora in which Razi could bring her claim: (1) the place of Qatar Airways' domicile; (2) the place of Qatar Airways' principal place of business; (3) the place where the contract for the carriage was made; (4) the place of destination of the carriage; and (5) Razi's "principal and permanent residence." *Id.*

### III.   Discussion

When the jurisdictional restrictions of Article 33 are applied to the facts of this case, the only available fora are located in Qatar and Pakistan.  The "domicile" of a corporation generally refers to a corporation's headquarters.  *See Aikpitanhi v. Iberia Airlines of Spain*, 553 F. Supp. 2d 872, 876 (E.D. Mich. 2008) (citing *Wyler v. Korean Air Lines Co.*, 928 F.2d 1167, 1175 (D.C. App. 1991)).  The "principal place of business" for an air carrier is typically the place where it is

incorporated.  *Id.* (citing *Swaminathan v. Swiss Air Trans. Co., Ltd.,* 962 F.2d 387, 390 (5th Cir. 1992) (interpreting the same jurisdictional provision of the Warsaw Convention to mean that "there can be only one principal place of business for an air carrier and this is normally where the air carrier is incorporated)[2]; *Smith v. Canadian Pac. Airways,* 452 F.2d 798, 800 (2d Cir. 1971); *In re Air Disaster Near Cove Neck, New York,* 774 F. Supp. 718, 720 (E.D.N.Y. 1991)).  Here, Qatar Airways is both headquartered and incorporated in Doha, Qatar.  Aff. of Dr. Gaafer M. Abdel Rahim.  Razi states in her complaint that venue is proper in Harris County, Texas because Qatar Airways "maintains its principal office in the State of Texas in Harris County."  Doc. 1-1 ¶ 5.  Because a carrier can have only one principal place of business under the convention, this allegation is insufficient to overcome the Court's conclusion that Qatar Airways maintains its principal place of business in Doha.  *See Ace Am. Ins. Co. v. Huntsman Corp.*, 225 F.R.D. 179, 187 (S.D. Tex. 2008) ("When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of the plaintiff's cause of action, the district court has the authority 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'") (quoting *Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir. 1981)).  Therefore, the first two potential fora for Razi's claims provided in the Montreal Convention are located in Qatar.

The "place of business through which the contract has been made" refers to the "location where the passenger tickets at issue were purchased."  *Osborne v. British Airways PLC Corp.*, 198 F. Supp. 901, 904–905 (S.D. Tex. 2002).  The record shows that Razi's ticket was purchased through a travel agent in Karachi, Pakistan.  Doc. 13, Ex. A; Depo of Razi at 17:1–7 (Doc. 13, Ex. C).  Therefore, the third possible forum for the present action is in Pakistan.

---

[2] Courts often look to analogous provisions in the Warsaw Convention to interpret the Montreal Convention.  *See, e.g., Aikpitanhi v. Iberia Airlines of Spain,* 553 F. Supp. 2d 872, 876–78 (2d Cir. 2004)*; Baah v. Virgin Atl. Airways Ltd.*, 473 F. Supp. 2d 591, 598 (S.D.N.Y. 2007).

According to the Fifth Circuit, "[w]hen a person purchases a round-trip ticket, there can be but one destination, where the trip originated." *Swaminathan*, 962 F.2d at 389 (citing *Lee v. China Airlines*, 669 F. Supp. 979 (C.D. Cal. 1987) ("Because each journey governed by the Convention can have only one destination, courts are nearly unanimous in holding that when a passenger has purchased a roundtrip ticket, the destination is the place where the trip began."). Razi's ticket was booked as a round-trip flight originating from Pakistan. Doc. 13, Ex. A; Doc. 13, Ex. C at 18:13–16. Therefore, the "place of destination" in this case is also in Pakistan.

The last possible forum for this action is Razi's "principal and permanent residence." Article 33 of the Montreal Convention specifically defines "principal and permanent residence" as "the one fixed and permanent abode of the passenger at the time of the accident." Art. 33(3)(b). Razi states in her complaint that she "is an individual who resides in Houston, Harris County, Texas." However, the record reveals that Razi is a citizen of Pakistan. Doc. 13, Ex. C at 5:1–2. At the time of the incident, she was traveling to the United States under a Five-Year Multiple-Entry Visa. *Id.* at 5:6–10. She booked a round-trip flight and intended to stay in the United States for approximately three and a half months. Doc. 13, Ex. A. These facts indicate that Pakistan and not the United States was Razi's "one fixed and permanent abode" at the time of the incident. Therefore, the last possible forum for the present action is also located in Pakistan.

Because the United States is not one of the permissible fora in which Razi may bring her claim against Qatar Airways under the Montreal Convention, this Court is without subject matter jurisdiction to rule on the merits of her claim and the case must be dismissed.

## IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the First Amended Motion to Dismiss (Doc. 13) filed by Defendant Qatar Airways is **GRANTED**, and Plaintiff Rahila Razi's case is **DISMISSED**.

SIGNED at Houston, Texas, this 6th day of February, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE